# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

THE FEDERAL INSURANCE
DEPOSIT CORPORATION,
as Receiver of Community Bank of Rockmart,

            Plaintiff,

v.

TED PARIS, a/k/a Ted C. Paris,
TED CONSTRUCTION COMPANY, INC.
and BEN PARIS,

            Defendants.

CIVIL ACTION FILE NO.:
4:12-CV-008 HLM

## ORDER

This case is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Count I of its Complaint and for Summary Judgment as to Count II [12].

AO 72A
(Rev.8/8
2)

## I.    Initial Matters

Plaintiff filed a Statement of Undisputed Material Facts with its Motion for Summary Judgment ("PSMF"), as required by the Local Rules.  (Docket Entry No. 12 at 2-4; N.D. Ga. R. 56.1B(1) ("A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such fact."). The Court may not consider any fact therein that is "(a) not supported by a citation to evidence (including page or paragraph number); (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or

2

legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts."  N.D. Ga. R. 56.1B(1).  Unless noted, the Court finds that Plaintiff did not commit any of these errors.

On the other side, Defendants failed to respond to any of the statements contained in PSMF.[1]  This has substantial consequences under Local Rule 56.1B(2), which states in relevant part:

> A respondent to a summary judgment motion shall include the following documents with the response brief:
>
> a.   A response to the movant's statement of undisputed facts.
>
> (1)  This response shall contain individually numbered, concise, nonargumentative responses

---

[1]Defendants made no responsive filing to the instant Motion.

3

corresponding to each of the movant's numbered undisputed material facts.

(2) This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1B.(1).

(3) The court will deem the movant's citations supportive of its facts unless the respondent specifically informs the court to the contrary in the response.

(4) The response that a party has insufficient knowledge to admit or deny is not an acceptable response

4

AO 72A

(Rev.8/8
2)

> unless the party has complied with
> the provisions of Fed.R.Civ.P.56(f).

N.D. Ga. R. 56.1B(2).   Because Defendants failed to respond to any of the statements contained in PSMF, the Court deems all of those statements admitted.

The Court next must determine the practical effect of deeming all of the statements contained in PSMF admitted. The United States Court of Appeals for the Eleventh Circuit has observed:

> The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent–but not cited in its response to the movant's statement of undisputed facts–that yields facts contrary to those listed in the movant's statement.  That is, because the non-moving party has failed to comply with Local Rule 56.1–the only permissible way for it to establish a genuine issue of material fact at that stage–the court has before

AO 72A
(Rev.8/8
2)

> it the functional analog of an unopposed motion for summary judgment.

Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).

However, "after deeming [the statements in PSMF] to be admitted pursuant to Local Rule 56.1, the district court must then review the [Plaintiff's] citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'" Id. at 1269 (citations omitted)).

Thus, although the Court deems the statements contained in PSMF admitted, the Court still must review the citations to the record provided by Plaintiff in PSMF to determine whether a genuine dispute remains. Reese, 527 F.3d at 1269. The Court does so infra Part II.

6

AO 72A
(Rev.8/8
2)

## II.   Background

### A.   Factual Background

Keeping in mind that when deciding a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the Court provides the following statement of facts.   Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1241 (11th Cir. 2007).   This statement does not represent actual findings of fact.  In re Celotex Corp., 487 F.3d 1320, 1328 (11th Cir. 2007).   Instead, the Court has provided the statement simply to place the Court's legal analysis in the context of this particular case or controversy.

7

AO 72A
(Rev.8/8
2)

On March 27, 2009, Ted Paris and Ted Construction Company, Inc. ("Defendant 1") executed and delivered a promissory note ("Note 1") in favor of the Community Bank of Rockmart ("the Bank") in the principal amount of $1,234.125.64.   (PSMF ¶ 1.)   As security for Note 1, Defendant 1 granted the Bank a first priority deed to secure debt on commercial properties and an assignment of rents in favor of the Bank.  (PSMF ¶ 2.)  Defendant 1 has not made any payments on Note 1 since it matured on March 27, 2010.  (PSMF ¶¶ 4, 5.)  At the time of maturity, the Bank exercised its rights under the assignment of rents securing Note 1, and the Bank and Plaintiff have been receiving the rents, which have been applied as credits against the balance due under Note 1.  (PSMF ¶ 5.)  Those rents are

8

the only payments applied against Note 1 since it matured. (Id.)

On March 27, 2009, Ted Paris and Ben Paris ("Defendant 2") executed and delivered a promissory note ("Note 2") in favor of the Bank in the principal amount of $200,578.47. (PSMF ¶ 3.) Defendant 2 has not made any payments on Note 2 since October 22, 2009, and Note 2 is in default. (PSMF ¶ 10.) Note 2 matured on March 27, 2010. (PSMF ¶ 4.)

On August 24, 2010,[2] by filing a Complaint in the Superior Court of Paulding County, Georgia, the Bank notified Defendant 1 and 2 ("Defendants") that the Bank

_____

[2] In PSMF ¶ 6, Plaintiff cites this date as August 24, 2012. The Court, however, takes notice of the real date as reflected in the record. (Docket Entry No. 1-2 at 14.)

9

intended to enforce the provisions of Notes 1 and 2 ("the Notes") to recoup all costs of collection, including attorney's fees of fifteen percent of the obligations outstanding under the Notes, unless Defendants paid in full the principal and accrued interest within ten days from service of the Complaint. (PSMF ¶ 6 (referencing Docket Entry No. 1-2).)[3]

---

[3]This notice was particularly important as to the attorney's fees that Plaintiff seeks.  Although each Note contains a provision for attorney's fees (Docket Entry No. 1-2 at 16, 20), before Plaintiff could collect this amount, it had to give Defendants notice pursuant to O.C.G.A. § 13-1-11(a), which provides, in relevant part:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to . . . the following provisions:
>
> (1)   If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and

10

The Complaint was served on Defendants on October 7,

---

enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

. . .

(3)   The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.  If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement.  The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

O.C.G.A. § 13-1-11(a).  The Court finds that Plaintiff's Complaint, which included a specific demand for attorney's fees and allowed for a ten-day repayment window, constituted adequate notice under § 13-1-11(a).

11

AO 72A
(Rev.8/8
2)

2010.  (PSMF ¶ 7.)  Defendants served their Answer that same day.  (Docket Entry No. 2.)

On November 10, 2011, the Georgia Department of Banking and Finance seized the Bank, and The Federal Deposit Insurance Corporation ("Plaintiff") was appointed as Receiver.  (PSMF ¶ 8.)  As a result of this appointment, Plaintiff as Receiver succeeded to "all rights, titles, powers, and privileges" of the Bank and "take[s] over the assets and operate[s] the [failed] institution with all the powers [there]of."  12 U.S.C. §§ 1821(d)(2)(A)(i), (d)(2)(B)(i).  In other words, Plaintiff now stands in the shoes of the Bank regarding all matters, including the collection of amounts due under the Notes and this lawsuit.  See, e.g., O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (noting that, under

12

AO 72A

(Rev.8/8

2)

12 U.S.C. § 1821(d), "the FDIC as receiver 'steps into the shoes' of the failed bank" (citations omitted)).  The Superior Court of Polk County, Georgia, recognized this succession in a January 3, 2012, Consent Order substituting Plaintiff for the Bank in this action.  (Docket Entry No. 1-2 at 77.)

Although Defendant 2 apparently made some payments on Note 2 -- Plaintiff merely contends that Defendant 2 has made no payments on Note 2 since October 22, 2009 -- the balance due as of the filing of this lawsuit reflects the same principal balance as when Note 2 was issued: $200, 578.47.[4]  (PSMF ¶ 10, 11.[5])  The rate of

_____

[4]For purposes of this recitation of facts, the Court treats this statement of the principal balance due as an admitted fact because Plaintiff complied with the Local Rules in reciting it and Defendants failed to object to this statement.  As will be discussed more infra, however, the Court notes its concern with whether this fact is true in light of Plaintiff's implicit concession that Defendant 2 made

13

interest under Note 2 is a fixed interest rate at 5.00%. (PSMF ¶ 10.) Note 2 provides that interest due thereunder is calculated on a yearly calendar of 360 days, meaning that the per diem interest accruing on Note 2 is $27.851 per day until paid in full, calculated as follows:

$200,578.41 X .005 = $10,028.92 interest per year

$10,028.92 divided by 360 = $27.8581 per day

(Id.) As of June 29, 2012, therefore, the Note 2 balance was $230,340.88,[6] calculated as follows:

---

payments on Note 2 prior to October 22, 2009.

[5]In PSMF, Plaintiff has two paragraphs with the header "10." For purposes of this Order, the Court will refer to facts in the second paragraph 10 as "PSMF ¶ 11."

[6]For purposes of this recitation of facts, the Court again treats this total -- and all the sub-total amounts -- as admitted facts, but the Court notes that it cannot duplicate Plaintiff's math. Specifically, the Court does not reach the stated amount of accrued interest based on the dates given. In addition, the Court does not

14

AO 72A

(Rev.8/8
2)

| | |
|---|---|
| Principal: | 200,578.47 |
| Interest (10/22/09 through 6/29/12): | 28,025.21 |
| Accrued Late Fees: | 1,737.20 |
| Total due through 6/29/12: | 230,340.88 |

(PSMF ¶ 11.)   Plaintiff seeks that amount, all per diem interest at the rate of $27.8581 per day since June 29, 2012, and attorney's fees of fifteen percent of the obligations outstanding under the Note.  (PSMF ¶ 11.)

As for Note 1, Plaintiff requests that, after determining liability in its favor as a matter of law, the Court schedule a hearing to determine the amount that Defendant 1 owes on Note 1.   (Docket Entry No. 12 at 2 n.2 ("Plaintiff's Brief").) That is because, prior to failing, the Bank exercised its rights under the assignment of rents, executed in its favor

---

understand why Plaintiff is using June 29, 2012, as its end date for calculating interest.  These concerns will be addressed more infra.

15

as security for Note 1, and Plaintiff has been receiving rent payments to apply against the balance due under Note 1. (PSMF ¶ 5.) Because those rents are received and applied to the loan balance on an ongoing basis, the amount of damages to which Plaintiff is entitled is changing daily, as interest and late fees accrue and rents are received and credited against that balance. (Plaintiff's Brief at 2 n.2.) Therefore, according to Plaintiff, the amount owed on Note 1 cannot be fixed in a sum certain at this time.

## B. Procedural Background

On August 24, 2010, Plaintiff filed this lawsuit in the Superior Court of Paulding County, Georgia. (Docket Entry No. 1-2 at 3-14.) Plaintiff seeks to enforce the terms of the Notes and to collect the balance due, inclusive of the

16

principal, interest, late fees, and attorney's fees.   (Id.)
Defendants filed their Answer on October 7, 2010, alleging
various affirmative defenses.  (Docket Entry No. 1-2 at 25-
41.)  Defendants also raised several counterclaims, but on
May 17, 2012, consented to dismiss those counterclaims.
(Docket Entry No. 10.)  Plaintiff removed this action to the
Court on January 9, 2012.  (Docket Entry No. 1.)

On August 29, 2012, Plaintiff filed its Motion for Partial
Summary Judgment as to Count I of its Complaint and for
Summary Judgment as to Count II.[7]  (Docket Entry No. 12.)
Defendants did not file a response to the Motion within the
time period provided by the Local Rules, and, on September

---

[7]Plaintiff explains in its Brief that it moved for partial summary
judgment as to Count I (i.e., Note 1 liability) because "damages on
that note are not yet fixed."  (Plaintiff's Brief at 2 n.2.)

17

25, 2012, the Court ordered Defendants to file their response, if any, within fifteen days, or by October 10, 2012. (Order of September 25, 2012.)  Defendants did not file a response, and the Court consequently finds that this matter is ripe for resolution by the Court.

## III.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the Court that summary judgment is appropriate and may satisfy this burden by pointing to materials in the record.  Reese, 527 F.3d at 1269 (citation omitted)); Allen

18

AO 72A

(Rev.8/8
2)

v. Bd. of Public Educ. for Bibb Cnty., 495 F.3d 1306, 1313 (11th Cir. 2007).   The precise standard for evaluating a summary judgment motion depends on whether the movant also bears the burden of proof at trial on the relevant issue.  "[W]here the moving party has the burden [of proof on the issue,] his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."   United States v. One 2007 Toyota FJ Cruiser, VIN JTEBU11F670023522, 824 F. Supp. 2d 1369, 1376 (N.D. Ga. 2011) (citations omitted)).

Once the moving party has supported its motion adequately, the non-movant has the burden of showing that summary judgment is improper by coming forward with

19

specific facts that demonstrate the existence of a genuine issue for trial.  <u>Allen</u>, 495 F.3d at 1314.

When evaluating a summary judgment motion, the Court must "'resolve all reasonable doubts about the facts in favor of the non-movant.'"  <u>Rioux v. City of Atlanta, Ga.</u>, 520 F.3d 1269, 1274 (11th Cir. 2008) (quoting <u>United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.</u>, 894 F.2d 1555, 1558 (11th Cir. 1990)).  Further, the Court may not make credibility determinations, weigh conflicting evidence to resolve disputed factual issues, or assess the quality of the evidence presented.  <u>Reese</u>, 527 F.3d at 1271; <u>Skop v. City of Atlanta, Ga.</u>, 485 F.3d 1130, 1140 (11th Cir. 2007). Finally, the Court does not make factual determinations.  <u>In re Celotex Corp.</u>, 487 F.3d at 1328.

20

## IV.  Discussion

Plaintiff's breach of contract claims arise under Georgia law, which provides that: "'[t]o recover in a suit on a contract, the complaining party must establish both a breach of the contract and resulting damages.'"  <u>Rise v. GAPVT Motors, Inc.</u>, 288 Ga. App. 246, 248, 653 S.E.2d 320, 322 (2007) (quoting <u>Graphics Prods. Distribs. v. MPL Leasing Corp.</u>, 170 Ga. App. 555, 555, 317 S.E.2d 623, 624 (1984)).  "'A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed.'" <u>Fielbon Dev. Co. v. Colony Bank of Houston Cnty.</u>, 290 Ga. App. 847, 850, 660 S.E.2d 801, 805 (2008) (quoting <u>Collins v. Regions Bank</u>, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006)).

21

AO 72A
(Rev.8/8
2)

Once the plaintiff establishes a prima facie case, he or she is entitled to judgment as a matter of law unless the defendant proves an affirmative defense. <u>Jay Gleason Adv. Serv., Inc. v. Gleason</u>, 193 Ga. App. 445, 445, 388 S.E.2d 43, 44 (1989).   The defendant cannot meet this burden merely by denying the plaintiff's allegations. <u>Id.</u> ("Generalized arguments amounting to mere conclusions have no probative value to pierce the facts presented by the movant for summary judgment." (citation omitted)); <u>see also Senske v. Harris Trust & Sav. Bank</u>, 233 Ga. App. 407, 411-12, 504 S.E.2d 272, 275-76 (1998) (observing that defendants could not "'rely upon the mere denial in their pleadings'" to avoid summary judgment on note and guaranty (citation omitted)).

22

Here, the record evidence attached to the Complaint includes true and correct copies of the Notes and related documents.  (Docket Entry No. 1-2.)  These documents establish that the Notes were executed and funds were disbursed to Defendants subject to the terms of the Notes. The evidence further demonstrates that Defendant 1 failed to make the required payments on Note 1 after March 27, 2010, and that Defendant 2 failed to make the required payments on Note 2 after October 22, 2009, meaning that Defendants are in default under the terms of both Notes. Thus, the Court finds that Plaintiff has established a prima facie case of liability under the Notes.

The burden next shifts to Defendants to establish an affirmative defense, by doing more than just denying

23

AO 72A

(Rev.8/8
2)

Plaintiff's allegations.  Defendants in their Answer raised five affirmative defenses.   (Docket Entry No. 1-2 at 25-41.)

The Court agrees with Plaintiff that Defendants have failed to satisfy their burden of proof to rebut Plaintiff's entitlement to summary judgment.  Ultimately, Defendants merely presented "[g]eneralized arguments amounting to mere conclusions," which "have no probative value to pierce the facts presented by the movant for summary judgment." Gleason, 193 Ga. App. at 445 (citations omitted)).

Defendants first argue that Plaintiff failed to state a claim for which relief can be granted.  (Docket Entry No. 2 at 1.)   However, as previously noted, Plaintiff has established a prima facie case of liability under both Notes.

24

AO 72A
(Rev.8/8
2)

Therefore, Plaintiff's Complaint sets forth two valid claims for which relief can be granted.

Second, Defendants argue that Plaintiff failed to act in good faith with respect to its dealings with Defendants under the Notes and, consequently, that Defendants' non-payment should be excused. (Id. at 2.)  However, Defendants have not presented any specific facts or even allegations to support this assertion.  Further, the Notes do not excuse non-payment on these grounds, instead stating that:

> **DEFAULT**.  Upon the occurrence of any one of the following events . . ., Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note to be immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any

25

> payment on time or in the amount due; (b) any
> default by Borrower under the terms of this
> Note or any other agreement . . . .

(Docket Entry No. 1-2 at 16.)  Note 2 contains the same

quoted provision. (Docket Entry No. 1-2 at 19-20.[8]) In other

words, Plaintiff was clearly entitled, under the terms of the

Notes, to seek full payment on the Notes upon default.

Most importantly, in acting within its contractual rights,

Plaintiff could not have violated any duty of good faith

implied by law. <u>Automatic Sprinkler Corp. of Am. v.</u>

---

[8]Note 2's "default" provision further states:

> No failure or delay on the part of Lender, and no
> course of dealing between Borrower and Lenders,
> shall operate as a waiver of such power or right, nor
> shall any single or partial exercise of any power or
> right preclude other or further exercise thereof or the
> exercise of any power or right.

(Docket Entry No. 1-2 at 20.)

26

Anderson, 243 Ga. 867, 868, 257 S.E.2d 283, 284 (1979) ("There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do."); accord Martin v. Hamilton State Bank, 314 Ga. App. 334, 336, 723 S.E.2d 726, 728 (2012) (upholding summary judgment for bank to recover on executed promissory note, stating that "[f]irms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners"). Defendants' second affirmative defense consequently fails as a matter of law.

Defendants next raise the equitable defenses of waiver and estoppel. (Docket Entry No. 2 at 2.) This argument fails as a matter of law, however, because Defendants may

not assert equitable defenses while in default on the Notes. See O.C.G.A. § 23-1-10 ("He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action."); Auld v. Cobb Exch. Bank, 204 Ga. 729, 731, 51 S.E.2d 635, 637 (1949) (noting "that the doors of a court of equity will not be opened to a plaintiff until he himself does equity"). Therefore, Defendants may not raise these or similar equitable defenses while in default on both Notes; first, they must fulfill their obligations thereunder. See P.B.R. Enters., Inc. v. Perren, 243 Ga. 280, 283, 253 S.E.2d 765, 768 (1979) (reversing trial court's grant of temporary injunction in favor of defaulted borrower, noting that borrower needed to pay creditor amount due before seeking equitable relief).

28

AO 72A

(Rev.8/8
2)

Fourth, Defendants argue that, before suing to recover the monetary damages Plaintiff seeks in this action, Plaintiff must foreclose on certain pieces of real property for which it holds security deeds that were pledged in exchange for the Notes.  (Docket Entry No. 2 at 2-3.)  Defendants argue that "in the special circumstances of this case" -- notably, that Plaintiff knows or should know that Defendants cannot pay Plaintiff in full on the Notes and that the real property in question is worth at least as much as and possibly more than the amount Plaintiff seeks in this action -- "Plaintiff must rely upon foreclosure of the [real property] in order to be repaid any substantial portion of its [Notes] by Defendants." (Id.) Defendants further argue that Plaintiff is

29

required by O.C.G.A. § 44-14-161[9] to foreclose on those pieces of real property and to confirm the sales before seeking damages on the Notes.  (Id.)

This defense also fails as a matter of law.  Georgia courts long have established that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of

---

[9]That statute states, in relevant part:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44-14-161.  The Court finds that Plaintiff has not violated this statute because it only governs situations where a foreclosure sale happens.  No foreclosure sale has occurred here.

30

the note is not forced to exercise the power of sale in the deed." Trust Inv. & Dev. Co. v. First Ga. Bank, 238 Ga. 309, 310, 232 S.E.2d 828, 829 (1977).   In other words, Plaintiff is not obligated to pursue foreclosure as a remedy; rather, the law affords Plaintiff the choice between suing on the Notes and/or pursuing foreclosure.   See Dupree v. SunTrust Bank, 305 Ga. App. 507, 508, 699 S.E.2d 846, 847 (2010) ("We now reiterate the rule for the benefit of the bench and bar: [a] creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or 'pursue both remedies concurrently until the debt is satisfied.'" (alteration in original) (citations omitted)).   In

31

<u>Dupree</u>, the Georgia Court of Appeals rejected the debtor's argument that his inability to pay on the note constituted "special circumstances" warranting deviation from the well-settled rule allowing creditors with foreclosure options to choose their remedy.   <u>Id.</u> at 507, 846.   Here, similarly, Defendants' alleged inability to pay on the Notes does not present "special circumstances" to justify deviating from the traditional rule.  Plaintiff is entitled to choose between its two available remedies and it has done so.  Defendants' fourth affirmative defense consequently fails as a matter of law.

Finally, Defendants argue that Plaintiff unlawfully accelerated Defendants' obligations under the Notes and acted in bad faith. (Docket Entry No. 2 at 3.) As discussed <u>supra</u> in reference to Defendants' second, very similar

32

AO 72A
(Rev.8/8
2)

alleged affirmative defense, Plaintiff brought this action in accordance with its rights under the Notes, which allow Plaintiff in the event of default, among other events, to "declare all indebtedness of Borrower to Lender to be immediately due and payable without further notice." (Docket Entry No. 1-2 at 16; id. at 20.)  In other words, the so-called acceleration of the obligations that Defendants owe under the Notes -- i.e., bringing this lawsuit to recover the full amount due under the Notes -- was fully justifiable under the plain terms of the Notes.  See Martin, 314 Ga. App. at 336, 723 S.E.2d at 728 ("Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of 'good faith.'").

33

Further, Defendants have presented no evidence to suggest that Plaintiff acted in bad faith. And, as discussed <u>supra</u>, enforcing the clear terms of the Notes does not qualify. <u>See</u> <u>Anderson</u>, 243 Ga. at 868, 257 S.E.2d at 284 (1979) ("There can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do."). The Court therefore finds that Defendant's final affirmative defense also fails as a matter of law.

In sum, the Court finds that Plaintiff has met its burden of proof for summary judgment. Plaintiff has demonstrated the prima facie validity of the Notes and Defendants' obligations thereunder, and is entitled to collect on them. Further, Plaintiff has shown that Defendants breached their

34

AO 72A
(Rev.8/8
2)

obligations under the Notes and that no reasonable trier of fact could hold for Defendants, by concluding that they established an affirmative defense for their non-payment on the Notes.  Finally, Defendants have failed their burden of proof to rebut Plaintiff's entitlement to summary judgment by raising a valid affirmative defense, and no genuine dispute remains with respect to Plaintiff's claims or Defendants' claimed defenses.  Thus, the Court grants Plaintiff's Motion for Partial Summary Judgment as to liability on Note 1 and for Summary Judgment as to liability on Note 2.

## V.   Conclusion

ACCORDINGLY, the Court **GRANTS** Plaintiff's Motion for Summary Judgment [12] and finds that Plaintiff is entitled to summary judgment in its favor as to liability on

AO 72A

(Rev.8/8
2)

Count II of its Complaint and to partial summary judgment as to liability on Count I.  The Court, however, finds that it cannot accept Plaintiff's calculation of damages regarding Note 2 without an explanation as to how Plaintiff calculated the interest and principal balance owed as of June 29, 2012 -- as well as why Plaintiff used this date.  The Court **DIRECTS** the Clerk to schedule a hearing to calculate damages regarding both Counts in Plaintiff's Complaint.

IT IS SO ORDERED, this the _11_ day of October, 2012.

UNITED STATES DISTRICT JUDGE

36